UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA KOULIZOUS,  No. 07-12647

    Plaintiff,  District Judge David M. Lawson

v.  Magistrate Judge R. Steven Whalen

FARMERS INSURANCE and
STATE OF MICHIGAN,

    Defendants.
                                                 /

**REPORT AND RECOMMENDATION**

Plaintiff Rita Koulizous filed a *pro se* civil complaint in this Court, naming as Defendants Farmers Insurance and the State of Michigan [Docket #1]. She also filed an application for a writ of mandamus [Docket #8]. The case has been referred to the undersigned for all pretrial proceedings, including the preparation of Reports and Recommendations as to dispositive motions, pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the complaint be dismissed with prejudice, and that the application for writ of mandamus be denied.

**I.    FACTS**

Ms. Koulizous' complaint, handwritten in narrative form, appears to arise out of

the settlement of a state insurance case brought under Michigan's No Fault statute.[1]

Because Plaintiff is unrepresented by counsel, her pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

This complaint appears to raise three claims. First, that agents of Farmers Insurance are harassing her, and neither the Plymouth, Michigan Police Department nor the F.B.I. will do anything about it.

Second, Plaintiff claims that "the State of Michigan No Fault Act violates federal laws under [the] RICO (Racketeer Influenced and Corrupt Organizations) Act. As written it extorts monies from clients based on false promises."

Third, Plaintiff questions the adequacy and fairness of the amount she received in settlement of her state court case.

In her application for writ of mandamus [Docket #8], she states that the residents of certain homes "on Beech and Carol St." are involved in criminal activity against her, including breaking and entering, theft, surveillance, tampering with her car, and

---

[1] Plaintiff refers to a state court docket no. 04-405649-NF, but does not indicate the court in which the case was brought and does not set forth any of the underlying facts. This appears to be a Wayne County Circuit Court case.

harassment by telephone, mail and internet. She states that a Lt. Cox, of the Plymouth Police Department, is aware of these activities, yet has not acted on her complaints. In terms of relief, she is "asking this court to order the Plymouth Police Dept. to uphold the laws of the State of Michigan."

On April 30, 2008, I ordered the Plaintiff "to show cause in writing, on or before May 19, 2008, why her Complaint should not be dismissed without prejudice because of her failure to timely serve the Defendants within 120 days of filing the Complaint." [Docket #11]. To date, Plaintiff has neither responded to this show cause order, nor shown proper service on the Defendants.

## II. DISCUSSION

### A. The Summons has Expired

Fed.R.Civ.P. 4(m) requires that service of a summons and complaint must be made upon a defendant within 120 days after filing the complaint, otherwise,

> "...the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

On June 21, 2007, Plaintiff filed her complaint, naming Farmers Insurance and the State of Michigan as Defendants. To date, no waiver of service has been received pursuant to Fed.R.Civ.P. 4(d), nor has any proof of service been filed, showing proper service of the Summons and Complaint under Fed.R.Civ.P. 4(e). Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof

thereof to the court." It has been well over 120 days since the Plaintiff filed her complaint. This Court's show cause order put the Plaintiff on notice that because she had not made timely service, dismissal was in the cards.

At a minimum, this complaint should be dismissed without prejudice under Rule 4(m). However, the following section explains why the complaint is more properly dismissed *with* prejudice.

### B.    No Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

I cannot discern any basis in federal law for Plaintiff's complaint against Defendant Farmers Insurance. Her complaint suggests that she is being "harassed and threatened" by agents of Farmers Insurance, but does not say how, other than vaguely claiming that Farmers "violated State and Federal Laws under the Michigan No-Fault Act and recent Michigan tort reforms." If private individuals are harassing the Plaintiff, this is a matter for the local police or courts, not for this Court. If Farmers Insurance has done something contrary to the No Fault Act or other state law, this is a matter for state court. In fact, it appears from the complaint that Plaintiff did file a state court action through counsel, and negotiated a settlement.

As to Defendant State of Michigan, Plaintiff appears to challenge the No Fault Act as being in violation of the federal RICO Act. This Court is at a loss to understand how this state statute can possibly violate either the criminal or civil provisions of RICO, and the Plaintiff offers no guidance. Again, a court "should not have to guess at the nature of the claim asserted." *Wells v. Brown, supra*.

Finally, not only does the Plaintiff fail to allege any independent federal basis to challenge her state court insurance settlement, but any such claim would be precluded under principles of *res judicata*, that is, the claims that were or could have been raised in a state court action where judgment has been entered, and which involved the same parties, cannot later be brought in this Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005); *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997).

I accept that Ms. Koulizos is unhappy with her insurance settlement and that she has grievances with Farmers. Like many people, she perhaps believes that federal courts have broad-ranging powers to right all wrongs. They do not. A plaintiff must show some grounds for federal court jurisdiction, and in this case, the Plaintiff has not shown any basis to turn to this Court for relief. Under Rule 12(b)(1), then, her complaint should be dismissed with prejudice.

### C. No Mandamus Jurisdiction

In Docket #8, Plaintiff asks for a writ of mandamus. She asks that the Court order Farmers Insurance "to cease and desist all activities against me," and to order "the Plymouth Police Dept. to uphold the laws of the state of Michigan."[2]

Mandamus in federal court is governed by 28 U.S.C. § 1361, which provides that

---

[2] In the alternative, she states, "If the Plymouth Police Dept. Is not so ordered please add them as defendants."

"[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (Emphasis added). This Court cannot issue a writ of mandamus against a private individual or a state or local agency. *See Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.,* 879 F.2d 789, 790 (10th Cir.1989) ("No relief against state officials or state agencies is afforded by § 1361."). The application for writ of mandamus must therefore be denied.

### III. CONCLUSION

I recommend that Plaintiff's complaint [Docket #1] be DISMISSED WITH PREJUDICE, pursuant to Fed.R.Civ.P. 12(b)(1), and that her application for writ of mandamus [Docket #8] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 21, 2008.

s/Susan Jefferson<br>
Case Manager