UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA KOULIZOUS,

                    Plaintiff,                        Case Number 07-12647

v.                                              Honorable David M. Lawson
                                                          Magistrate Judge R. Steven Whalen

FARMERS INSURANCE and
STATE OF MICHIGAN,

                    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION AND DISMISSING CASE

      This matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge R. Steven Whalen recommending *sua sponte* dismissal on the grounds that the plaintiff failed to serve the defendants despite being warned to do so, and the Court lacks jurisdiction because the allegations in the complaint are frivolous. The plaintiff, proceeding *pro se*, filed the present civil rights action against Farmers Insurance and the State of Michigan claiming that she has been harassed by agents of Farmers Insurance. She also alleges that the Michigan no-fault insurance act violates the federal Racketeer Influenced and Corrupt Organizations (RICO) statute. The case was referred to Judge Whalen to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). Judge Whalen reviewed the matter, and on July 21, 2008 he filed a report recommending that the case be dismissed with prejudice. The plaintiff filed objections. The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the record. The Court concludes that the plaintiff's objections lack merit, the plaintiff failed to effectuate proper service, and the complaint fails to state a non-frivolous claim for relief. Therefore, the Court will adopt the recommendation and dismiss the case, but the dismissal will be without prejudice.

I.

The plaintiff's handwritten complaint states that she has been harassed by agents of the defendant, Farmers Insurance, in violation of state and federal law. Attached to the complaint is what purports to be an "affidavit" signed by the plaintiff, where she claims that the Plymouth Police Department has failed to protect her and, somehow, that Michigan's No-Fault Act violates the federal RICO Act.

In a report and recommendation dated July 21, 2008, the magistrate judge concluded that the Court lacks subject matter jurisdiction over the complaint because the allegations are frivolous. He stated that he could not "discern any basis in federal law for Plaintiff's complaint against Defendant Farmers Insurance." Rep. & Rec. at 5. If private citizens are harassing the plaintiff, he suggests that this is a matter for local police, and not the federal courts. As to the plaintiff's challenge to Michigan's No-Fault Act, he concluded that he was "at a loss to understand how this state statute can possibly violate either the criminal or civil provisions of RICO, and the Plaintiff offers no guidance." *Ibid.*

In response to the magistrate judge's report, the plaintiff sent in a letter stating that she "objects" to all of the magistrate judge's rulings, and states, "My complaint is not frivolous but a matter of my civil rights and my well being as that [sic] of family and friends." [dkt. #16]. The Court construes the letter as a timely objection to the magistrate judge's report and recommendation.

II.

If a party does not agree with a report and recommendation, the party must file specific objections in a timely fashion. 28 U.S.C. § 636(b)(1)(C). Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that

"[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

By failing to provide specific objections to the magistrate judge's report and recommendation, the plaintiff has failed to preserve any legal challenges she may have had to the magistrate judge's recommendation. Nevertheless, upon review, the Court finds that the magistrate judge correctly concluded that the complaint should be dismissed for lack of subject matter jurisdiction.

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The complaint must have "more than bare assertions of legal conclusions." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)). No court has "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A fundamental essential for any pleading is that it must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). The plaintiff's filing fails to meet this basic requirement.

In addition, it is incumbent on the Court to raise the issue of its jurisdiction to proceed *sua sponte*, that is, on its own. *See Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir.

2004). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1997) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

The plaintiff fails to identify any claim against the State of Michigan. The State and its officers do not have a constitutional duty to protect private citizens from other citizens unless "the state created a special danger." *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998). The plaintiff's complaint cannot be read to assert any such state-created danger, and therefore it fails to state a constitutional violation. Moreover, the Court lacks jurisdiction over the State of Michigan because the State has sovereign immunity from suit. *See, e.g., Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n. 8 (6th Cir. 2007).

Nor has the plaintiff articulated what federal law has been violated by defendant Farmers Insurance. Although she claims that it has violated her civil rights, "the private insurers . . . will not be held to constitutional standards unless 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)). Section 1983 of Title 42 of the United States Code, like the Fourteenth Amendment, "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Sullivan*,

526 U.S. at 50. The plaintiff has failed to explain how a private insurance company's actions deprived her of a right under federal law.

III.

The plaintiff's objections are too general and therefore inadequate; therefore the plaintiff has waived any legal issue she may have had. The magistrate judge correctly concluded that there is no basis for this Court's jurisdiction over the plaintiff's complaint, and it should be dismissed. Although the plaintiff did not raise this point, the Court believes that the magistrate judge's recommendation for dismissal *with prejudice* is not appropriate. The Sixth Circuit has held that dismissals for lack of jurisdiction should be without prejudice. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (en banc).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**, the plaintiff's objections to the recommendation [dkt #16] are **OVERRULED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: October 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2008.

                            s/Felicia M. Moses
                            FELICIA M. MOSES